THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOMENIC J. FALCONE,<br><br>            Plaintiff,<br>vs.<br><br>ALTAROCK ENERGY, INC.,<br><br>            Defendant. | NO.  2:16-cv-00622-RAJ<br><br>ORDER |

This matter comes before the Court upon Defendant AltaRock Energy, Inc.'s Motion for Summary Judgment. Dkt. # 20. Plaintiff Domenic Falcone opposes the motion. Dkt. # 24. For the reasons that follow, the Court **DENIES** the motion.

I.     **BACKGROUND**

Plaintiff entered into a consulting relationship with Defendant for the purpose of providing "business advisory services." Dkt. # 21-1. According to the parties' Agreement, Defendant agreed to pay Plaintiff both a monthly retainer as well as a success fee. *Id.* at p. 9. The success fee was to be paid "[u]pon the closing of a transaction where [Plaintiff] has played a significant role in both introducing the party to [Defendant] and in facilitating the negotiations of the transaction." *Id.*

In November 2013, Plaintiff facilitated a negotiation between Defendant and Blue Mountain Power, LLC. Dkt. # 21-2. The parties drafted a binding term sheet in

ORDER - 1

which Defendant would purchase a company that indirectly owned a geothermal power project. *Id.* The purpose of the transaction was for Defendant to own "all of the equity interests of the" company. *Id.* The parties terminated the negotiations, and in January 2014, Defendant ended its relationship with Plaintiff. Dkt. # 21 (Mandell Decl.) at ¶¶ 3-4. However, in early 2015, Defendant executed an agreement to purchase 100% of the equity in the company that owned the geothermal power project. *Id.* at ¶¶ 6-7. On May 13, 2015, the deal closed. *Id.* at ¶ 7. The final agreement contains many similarities to the unsuccessful term sheet drafted during Plaintiff's tenure as Defendant's consultant. Accordingly, Plaintiff sued Defendant for a success fee. In its motion for summary judgment, Defendant counters that Plaintiff is barred from suing for such a fee due to Washington's Real Estate Brokers and Salesperson Act, codified at Chapter 18.85 in Title 18 of the Revised Code of Washington.

## II.    LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the

evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also White v. McDonnell-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. V. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).

### III.   DISCUSSION

A. <u>The Court will not add "business opportunities" to RCW 18.85.011(16).</u>

In its motion, Defendant relies on RCW 18.85.331 to argue that Plaintiff may not collect his success fee. *See, generally*, Dkt. # 20. In relevant part, RCW 18.85.331 provides that:

> No suit or action shall be brought for the collection of compensation as a real estate broker, real estate firm, managing broker, or designated broker, without alleging and proving that the plaintiff was a duly licensed real estate broker, managing broker, or real estate firm before the time of offering to perform any real estate transaction

or procuring any promise or contract for the payment of compensation for any contemplated real estate transaction.

Wash. Rev. Code Ann. § 18.85.331 (West).  According to the Code, real estate brokers, real estate firms, managing brokers, and designated brokers perform "real estate brokerage services."  RCW 18.85.011(2), (10), (14), (17).  "Real estate brokerage services" include a litany of services related to real estate "offered or rendered directly or indirectly to another, or on behalf of another for compensation or the promise or expectation of compensation . . . ."  RCW 18.85.011(16).

Defendant argues that the Code's definition of "real estate brokerage services" previously included the purchase of "business opportunities" as a brokerage service and therefore the Court should continue to read this into the current version of the provision.  Dkt. # 20 at p. 6.  However, the legislature revised this Code section in 2010 such that "business opportunities" is no longer included within the definition of "real estate brokerage services."  *Compare* RCW 18.85.010 *with* RCW 18.85.011.  Defendant relies on outdated case law and secondary sources, as well as two separate and distinct provisions within Chapter 18.85 to conclude that the legislature did not intend to remove the "business opportunities" language from section 18.85.011(16).  *Id.* at pp. 6-8.

The statute that Defendant relies upon—RCW 18.85.331—is not ambiguous; neither are the defined terms as they appear in RCW 18.85.011.  "When a statute is unambiguous, it is not subject to judicial construction and its meaning must be derived from the plain language of the statute alone."  *State v. Sullivan*, 19 P.3d 1012, 1019 (Wash. 2001); *see also Barnhart v. Walton*, 535 U.S. 212, 217 (2002) ("This Court has previously said that, if the statute speaks clearly 'to the precise question at issue,' we 'must give effect to the unambiguously expressed intent of Congress.'") (internal citations omitted).

ORDER - 4

The plain language of the statute is not at issue here. Indeed, Defendant does not dispute that the statute is clear, but rather presses the Court to include language that the legislature deliberately removed. Defendant appears to suggest that the legislature would not remove "business opportunities" from one provision within section 18.85.011 without removing it entirely from the Chapter. Dkt. # 20 at p. 6. In doing so, Defendant ignores that the legislature was aware of "business opportunities" as it had drafted that term throughout this section and therefore acted deliberately when it removed "business opportunities" from the definition of "real estate brokerage services." *Whitfield v. U.S.*, 543 U.S. 209, 216 (2005) ("As the Government points out, Congress has included an express overt-act requirement in at least 22 other current conspiracy statutes, clearly demonstrating that it knows how to impose such a requirement when it wishes to do so."). The Court will not accept Defendant's invitation to rewrite the statute. *Cerrillo v. Esparza*, 142 P.3d 155, 158 (Wash. 2006) ("Courts may not read into a statute matters that are not in it and may not create legislation under the guise of interpreting a statute") (internal quotations and citations omitted); *Sullivan*, 19 P.3d at 1019 ("We do not add to or subtract from the clear language of a statute unless that is imperatively required to make the statute rational.").

   B. <u>Mr. Falcone's activities do not fall within the scope of RCW 18.85.011(16).</u>

In the alternative, Defendant argues that Plaintiff's actions fall within the scope of "any real property interest therein," which Defendant describes as a "catch-all" provision. Dkt. # 20 at p. 7. Defendant states, "the Legislature intended the statute to cover *any* type of transaction in which an interest of real property s involved." *Id.* (emphasis in original). However, Defendant offers no support for this dramatic reading of RCW 18.85.011(16). The Court reiterates that this statute is unambiguous; the statute applies only to actions involving "real estate, or any real property interest

therein." RCW 18.85.011(16). Rather than acting as a catch-all for even those transactions with attenuated real estate interests, the Court finds that the "real property interest therein" is merely a catch-all for the immediately preceding term "real estate." *Jarecki v. G. D. Searle & Co.*, 367 U.S. 303, 307 (1961) ("The maxim noscitur a sociis, that a word is known by the company it keeps, while not an inescapable rule, is often wisely applied where a word is capable of many meanings in order to avoid the giving of unintended breadth to the Acts of Congress.").

"Real property interest therein" does not include sales of equity interests. The Court finds support for this narrower reading of RCW 18.85.011(16) in the cases cited by Defendant; transactions involving equity interests or sales of capital stocks were considered "business opportunities," which are transactions that the legislature specifically omitted from the scope of this provision. *See, e.g.*, *Springer v. Rosauer*, 641 P.2d 1216 (Wash. Ct. App. 1982); *Schmitt v. Coad*, 604 P.2d 507 (Wash. Ct. App. 1979). Here, the transactions at issue involved the sale of equity interests; any real property interests are too attenuated to fall within the gambit of RCW 18.85.011(16). *See* Dkt. # 21 (Mandell Decl.) at ¶¶ 3-8, Exs. 2-5.

### IV.   CONCLUSION

For all the foregoing reasons, the Court **DENIES** Defendant's motion for summary judgment. Dkt. # 20.

Dated this 7th day of April, 2017.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER - 6